**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **UNITED FIRE & CASUALTY INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 1:09 CV00051 LMB |
| **DENNIS THOMPSON, et al.,** ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Complaint for Declaratory Judgment of Plaintiff United Fire & Casualty Insurance Company against Defendants Dennis Thompson, Wayne Rockett, and Rose Concrete Products, Inc. Presently pending before the court is Plaintiff's Motion for Default Judgment Against Rose Concrete Products, Inc. and Wayne Rockett. (Doc. No. 20).

### Background

In its Complaint for Declaratory Judgment, plaintiff states that this action arises out of an insurance coverage dispute for an insurance policy issued in Missouri, covering an accident that occurred in Scott County, Missouri. Plaintiff states that Dennis Thompson has filed an action currently pending in the Circuit Court of Scott County, Missouri ("underlying lawsuit"). Plaintiff states that, in the underlying lawsuit, Mr. Thompson alleges that Wayne Rockett was the General Manager of Rose Concrete Products, Inc. ("Rose Concrete") and was responsible for managing and supervising the employees of Rose Concrete, including Dennis Thompson, as well as the equipment and services of Rose Concrete. Mr. Thompson further alleges that, on March 9, 2009,

he was driving a dump truck at Rose Concrete when the dump truck overturned and he sustained serious injuries and damages. Mr. Thompson claims that his injury and damages were the direct and proximate result of Mr. Rockett's negligence. Plaintiff states that Mr. Rockett has sought defense and indemnification for such claims under a commercial lines policy issued by plaintiff to Rose Concrete. Plaintiff argues that the exclusions of the policy unambiguously exclude coverage for the claims made by Mr. Thompson against Mr. Rockett because, at the time of the accident at issue, both Mr. Thompson and Mr. Rockett were employees of Rose Concrete who were acting in the course and scope of their employment. Plaintiff seeks a declaration of the court that the policy does not provide coverage with respect to the claims and causes of action asserted by Mr. Thompson against Mr. Rockett in the underlying lawsuit, a declaration that plaintiff is not obligated to defend Mr. Rockett with respect to the underlying lawsuit, a declaration that plaintiff is not obligated to indemnify Mr. Rockett or Rose Concrete with respect to any judgment entered or settlement reached in the underlying lawsuit, and for plaintiff's costs and attorney fees incurred herein.

Defendant Rose Concrete executed a waiver of service on April 30, 2009, and was required to file an Answer or other responsive pleading on or before June 29, 2009. Wayne Rockett was personally served on August 9, 2009, and was required to file an Answer or other responsive pleading on or before August 31, 2009. To date, neither party has filed an Answer or otherwise responded in this matter. On December 8, 2009, the Clerk of Court entered the default of Defendants Wayne Rockett and Rose Concrete. (Doc. No. 23).

## Discussion

Where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief," and "is deemed to have admitted all well

pleaded allegations in the complaint."  Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988).

Default judgments are not favored in the law, and their entry is discretionary.  See Taylor, 859 F.2d at 1332.  "The entry of a default judgment should be a 'rare judicial act.'"  Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)).  There is a judicial preference for adjudication on the merits.  Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

When a plaintiff alleges joint liability against multiple defendants, a default by one defendant usually will not result in a judgment against that defendant.  Such a judgment may be entered against the defaulting party "only if the court expressly determines that there is not just reason for delay."  Rule 54(b) Fed. R. Civ. P.  Instead, the court will allow the lawsuit to proceed as to the other, non-defaulting, defendants.  The result in the litigation (judgment for plaintiff or judgment for defendants) will then be entered as to the defaulting party as well.  Frow v. De La Vega, 82 U.S. 552, 554, 21 L.Ed. 60 (1872).  "When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment."  Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Frow, 82 U.S. at 554).  "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party."  Angelo Iafrate Const., LLC, 370 F.3d at 722.  Common practice is in accord with the above reasoning.

The undersigned finds that Defendants Wayne Rockett and Rose Concrete are similarly situated to Defendant Dennis Thompson in this action.  Plaintiff seeks a judgment from the court declaring that the policy does not provide coverage with respect to the claims and causes of

action asserted by Mr. Thompson against Mr. Rockett in the underlying lawsuit, a declaration that plaintiff is not obligated to defend Mr. Rockett with respect to the underlying lawsuit, and a declaration that plaintiff is not obligated to indemnify Mr. Rockett or Rose Concrete with respect to any judgment entered or settlement reached in the underlying lawsuit. Plaintiff alleges no separate claim against Dennis Thompson. Rather, the determination of plaintiff's obligation under the policy as to Mr. Rockett and Rose Concrete will affect Dennis Thompson in the underlying lawsuit. If Dennis Thompson successfully defends this action, it would be inconsistent for plaintiff to prevail against Wayne Rockett and Rose Concrete. To avoid the possibility of inconsistent judgments, default judgment against Wayne Rockett and Rose Concrete will not be granted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment Against Rose Concrete Products, Inc. and Wayne Rockett (Doc. No. 20) be and it is **denied without prejudice**.

Dated this  10th  day of February, 2010.

_Lewis M. Blanton_
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE