UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED FIRE & CASUALTY INSURANCE COMPANY, | ) ) ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. 1:09 CV 51 RWS |
| DENNIS THOMPSON, et al., | ) ) ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This is an insurance coverage dispute arising from a dump truck accident at Rose Concrete. Rose Concrete employee Dennis Thompson was injured when a dump truck he was driving overturned at work. Thompson sued Wayne Rockett, Rose Concrete's general manager, claiming Rockett was liable for Thompson's injuries because Rockett directed Thompson to drive a vehicle that Rockett knew was dangerous. A default judgment in favor of Thompson and against Rockett was entered by the Circuit Court of Scott County, Missouri in the amount of $850,000.

Plaintiff United Fire & Casualty Insurance Company filed this declaratory judgment action seeking a finding that Rockett is not entitled to indemnity for the Scott County Judgment. Thompson and Rockett have both filed counterclaims. Thompson asserts a claim for equitable garnishment of the insurance policy arguing Rockett was an insured under the policy. Rockett asserts two claims in his counterclaim. First he asserts because he was an insured under the policy, United Fire Insurance must satisfy the judgment entered against him. Rockett also claims United Fire Insurance breached the fiduciary duty it owed him during Scott County proceedings.

Because Rockett, Rose Concrete's General Manager, was not an insured under Rose Concrete's Commercial General Liability Insurance Policy and the claim was excluded under the Rose Concrete's Commercial Auto Coverage Policy, I will partially grant United Fire Insurance's motion for summary judgment and will deny Thompson and Rockett's motions for summary judgment.

**I.     Introduction**

In <u>Thompson v. Payne</u>, Case No. 07SO-CV00214 (Mo. Cir. Ct. 2009) ("underlying suit"), Thompson alleged that he was injured on March 9, 2005 when the dump truck he was driving at Rose Concrete's facility overturned. Thompson alleged his injury and damages were the result of Rockett's negligence because Rockett knew the vehicle was dangerous and he directed Thompson to drive the vehicle in spite of the danger it posed. Rockett sought defense and indemnification for the underlying suit under a commercial lines policy, Policy No. 60330735 (the "Policy"). At the time of the accident Thompson and Rockett both worked for Rose Concrete.[1] Judgment was entered for Thompson and against Rockett in the amount of $850,000 ("Scott County Judgment").

United Fire Insurance's Amended Complaint seeks a declaratory judgment to determine whether Rocket is entitled to indemnity for the Scott County Judgment. United Fire Insurance argues Rockett is not entitled to indemnity because he was not an insured under the Policy. Alternatively, United Fire Insurance argues that even if Rockett was an insured, the underlying claim is excluded from coverage. United Fire Insurance filed a motion for summary judgment on

---

[1]United argues Rockett was an employee of Rose Concrete and Defendants argue Rockett was a director of operations.

its claims [#69].

Thompson filed a counterclaim against United Fire Insurance under MO. REV. STAT. § 379.200 for equitable garnishment of the Policy. Thompson argues that Rockett was an insured under the Policy because he was the Director of Operations for Rose Concrete. Thompson filed a motion for summary judgment on his claim [#76].

Rockett also filed a counterclaim against United Fire Insurance seeking an order that United Fire Insurance satisfy the Scott County Judgment. Rockett argues that he was an insured under the Policy because he was the Director of Operations for Rose Concrete. Rockett also asserts a claim against United Fire Insurance for breach of fiduciary duty arguing it failed to fully investigate Thompson's damages and failed to advise Rockett that a default judgment would be entered against him. Rockett has also filed a motion for summary judgment on his claims [#88].

The insurance policy at issue here was effective from December 31, 2004 to December 31, 2005. The Policy provided Commercial General Liability coverage ("CGL"), Commercial Auto coverage, and Commercial Umbrella Liability coverage.

The relevant provisions of the CGL provide as follows:

**SECTION I-COVERAGES**
1. **Insuring Agreement**
    a. [United Fire Insurance] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [United Fire Insurance] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [United Fire Insurance] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**SECTION II-WHO IS AN INSURED**
1. If you are designated in the Declarations as:
    d. An organization other than a partnership, joint venture or limited

liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:
   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers"...or your managers..., but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insured for:
      (1) "Bodily injury" or "personal and advertising injury":
         (a) To you, to your partners or members..., to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business.

The CGL defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." "Insured" is defined as "any person or organization qualifying as such under Section II-Who Is An Insured."

The CGL includes the following relevant exclusions from coverage:

    e. **Employer's Liability**.
"Bodily Injury" to:
(1) An "employee" of the insured arising out of and in the course of
    (a) Employment by the insured; or
    (b) Performing duties related to the conduct of the insured's business.

    g. **Aircraft, Auto or Watercraft.**
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
This exclusion applies even if the claims against any insureds allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damaged" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or

watercraft that is owned or operated by or rented or loaned to any insured.

The coverage provided by the Commercial Auto Coverage is described in the

Policy as follows:

> **A.** **Coverage**
> [United Fire Insurance] will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, cause by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
> [United Fire Insurance has] the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, [United Fire Insurance has] no duty to defend any insured against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. [United Fire Insurance] may investigate and settle any claim or "suit" as we consider appropriate. [United Fire Insurance's] duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by Payment of judgments or settlements.

The Commercials Auto Coverage identifies the following as insureds:

> **a.** You for any covered "auto."
> **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>> **(1)** The owner or anyone else from whom you hire or borrow a covered "auto." This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
>> **(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>> **(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
>> **(4)** Anyone other than your "employees," partners (fi you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees," while moving property to or from a covered "auto."
>> **(5)** A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
> **c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

The following relevant Exclusions apply to the Commercial Auto Coverage:

4. **Employee Indemnification and Employer's Liability**
    "Bodily Injury" to:
    a. An "employee" of the "insured" arising out of and in the course of:
        (1) Employment by the "insured"; or
        (2) Performing the duties related tot he conduct of the "Insured's" business
5. **Fellow Employee**
    "Bodily Injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

The Commercial Auto Coverage defines "bodily injury" as "bodily injury, sickness or disease sustained by a person including death resulting from any of these." The Commercial Auto Coverage defines "Employee" to include a "leased worker" and not include a "temporary worker." An "Insured" under the Commercial Auto Coverage "means any person or organization qualified as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought."

After United Fire Insurance filed a motion for summary judgment [#69], Thompson filed a motion for summary judgment [#76], and Rockett filed a motion for summary judgment [#88]. Rockett's motion primarily incorporates the arguments asserted in Thompson's motion and includes some assertion of facts regarding Rockett's claim United Fire Insurance breached its fiduciary duty to Rockett. Rockett's motion includes no legal analysis of this counterclaim. Rockett filed a response and a surreply to United Fire Insurance's motion incorporating Thompson's filings and does not include any legal analysis of his counterclaim regarding United Fire Insurance's breach of fiduciary duty.

## II. Legal Standard

In considering whether to grant summary judgment, a district court examines the "pleadings, the discovery and disclosure materials on file, and any affidavits." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Med. Ctr., 160 F.3d 484, 486 (8th Cir. 1998). When a genuine issue of material fact exists, summary judgment should not be granted.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

## III. Discussion

I have jurisdiction over this case based on diversity of citizenship. As a result, state substantive law governs this dispute. Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989, 992 (8th Cir. 2010). In Missouri, interpretation of an insurance contract is a question of law. Rice v.

Shelter Mut. Ins. Co., 301 S.W.3d 43, 46 (Mo. 2009). When a court is "analyzing an insurance contract, the entire policy and not just isolated provisions or clauses must be considered." Id. at 47 (quoting Versaw v. Versaw, 202 S.W.3d 638, 643 (Mo. App. 2006). Where a policy does not define a term, the term is given its ordinary and reasonable meaning as would be understood by the layman who bought and paid for the policy. Burns v. Smith, 303 S.W.3d 505, 511 (Mo. 2010) (en banc). A court may refer to the dictionary definition of a term but "must be careful to consider the contract's context in applying the appropriate dictionary definition." Bailey v. Federated Mut. Ins. Co., 152 S.W.3d 355, 357 (Mo. Ct. App. W.D. 2004). "If an entire policy is analyzed in context and found to be unambiguous, i.e., its language is plain, straightforward, and susceptible of only one meaning, the rules of construction are inapplicable, and absent public policy to the contrary, the contract will be enforced as written." Rice, 301 S.W.3d at 47 (quoting Versaw, 202 S.W.3d at 643).

Conversely, "[a] policy is ambiguous if 'there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy.'" Schmitz v. Great Am. Assur. Co., ---S.W.3d----, 2011 WL 1565447 *3 (Mo. 2011) (quoting Seeck v. Geico Gen. Ins. Co., 212 S.W.3d 129, 132 (Mo. banc 2007). If a policy is ambiguous it "'will be interpreted in the manner that would ordinarily be understood by the lay person who bought and paid for the policy.'" Rice, 301 S.W.3d at 47 (quoting Versaw, 202 S.W.3d at 643). "Ambiguous policy language must be construed against the insurer." Id. (quoting Krombach v. Mayflower Ins. Co. Ltd., 827 S.W.2d 208, 210 (Mo. banc 1992). An unreasonable alternative construction will not render a term ambiguous. Blair v. Perry Cnty. Mut. Ins. Co., 118 S.W.3d 605, 606 (Mo. banc 2003).

### A. United Fire Insurance and the Scott County Judgment

The claims Thompson asserted against Rockett in the underlying suit are not covered by the United Fire Insurance policy.

#### 1. Commercial General Liability

United Fire Insurance argues that Thompson's claims are not covered under the CGL because Rockett was not an insured as a director under subsection 1(d) and because the exclusion in subsection 2 addressing an employee's coverage for bodily injury to a coemployee prohibits coverage for Thompson's claims.

##### a. Subsection 1(d) of Section II

Subsection 1(d) of Section II indicates that "an organization other than a partnership, joint venture or limited liability company" is an insured and that the "'executive officers' and directors are insureds, but only with respect to their duties as [Rose Concrete's] officers and directors. [Rose Concrete's] stockholders are also insureds, but only with respect to their liability as stockholders." The parties agree this provision applies to corporations and that Rose Concrete was a corporation.

United Fire Insurance argues that the term "director" in subsection (1)(d) refers to a person who is member of Rose Concrete's Board of Directors and that because Rockett was not a member of Rose Concrete's Board of Directors, he was not an insured under subsection 1(d). Conversely, Thompson and Rockett argue that "director" in subsection 1(d) is not limited to Rose Concrete's Board of Directors but that it extends to other kinds of directors at Rose Concrete. Defendants argue Rockett is an insured under subsection 1(d) because he was Rose Concrete's Director of Operations.

"Director" in subsection 1(d) must be considered in a corporate context. Defendants argue that even in the corporate context, "director" is an ambiguous term because the term is not defined and because United Fire Insurance allegedly admitted in its objection to Interrogatory No. 15 that the term is ambiguous.

Defendants' assertion that United Fire Insurance admitted "director" is an ambiguous term in its objection to Interrogatory No. 15 is disingenuous. United Fire Insurance's answer to Interrogatory No. 15 makes clear that it objects to the *interrogatory* as ambiguous, not the term director.[2]

Defendants argue the dictionary definition of director supports their argument that the policy is not limited to the Board of Directors because definition 1(a) of the Webster's Third New International Dictionary defines "director" as "one that directs as the head or chief of an organized occupation group (as a bureau, foundation, institute, school)." Webster's Third New International Dictionary 641 (3rd ed. 2002). However, Defendants fail to note in their brief that definition 1(b) is specifically applicable to the scenario presented in this case: a corporation. Webster's corporate definition of director is "one that directs as...one of a group of persons entrusted by the shareholders of a corporation with the final overall control and direction of the corporate enterprise." Id. Taking the Policy as a whole and interpreting subsection 1(d) in the context of a corporation, I find that the term "directors" is not ambiguous and refers to Rose Concrete's Board of Directors. Defendants do not assert that Rockett was a member of Rose Concrete's Board of Directors. As a result, I find that Rockett is not an insured under subsection 1(d).

---

[2] United Fire Insurance's response to Interrogatory No. 15 indicated in part "Plaintiff objects to this Interrogatory on the grounds that the terms "director" and manager and not defined in the Interrogatory and are ambiguous." Docket No. 85-14 at ¶ 15.

b.     **Subsection 2-Exclusion**

Rose Concrete's employees are considered insureds under Subsection 2 of the CGL subject to several exclusions. United Fire Insurance acknowledges that Rockett is an employee under subsection 2 but argues an exclusion prevents him from being an insured for Thompson's injuries. Subsection 2 provides that Rose Concrete's employees are insureds, "but only for acts within the scope of their employment by [Rose Concrete] or while performing duties related to the conduct of [Rose Concrete's] business. However [no employees] are insureds for…'bodily injury' to a co-'employee' while in the course of his or her employment or performing duties related to the conduct of [Rose Concrete's] business."[3]

Defendants argue this insurance provision is not applicable to Rockett because he is a director. As discussed above, I find that Rockett is not a director under the Policy. Because Rockett and Thompson were Rose Concrete employees and performing duties related to Rose Concrete's business when Thompson was injured, I find that Rockett is not an insured under subsection 2 of the CGL. As a result, I will grant summary judgment in favor of United Fire Insurance that Rockett is not an insured under the CGL.

**2.     Commercial Auto Coverage**

Rose Concrete's Commercial Auto Coverage may also provide coverage for Thompson's injuries. United Fire Insurance acknowledges that the vehicle involved in Thompson's accident was an insured vehicle and that Thompson was an insured while using the truck in the course of his employment with Rose Concrete. United Fire Insurance argues that Thompson's injuries are not covered because the following two provisions independently exclude Thompson's claim from

---

[3]Docket No. 70-8 at 25.

coverage: (1) the Employee Indemnification and Employer's Liability Exclusion and (2) the Fellow Employee Exclusion.

The Employee Indemnification and Employer's Liability Exclusion prevents the policy from applying to "'[b]odily injury' to an 'employee' of [Rose Concrete] arising out of and in the course of (1) [e]mployment by the [Rose Concrete] or (2) performing the duties related to the conduct of [Rose Concrete's] business."[4] United Fire Insurance argues this exclusion prohibits Thompson from recovering for his injuries under the Commercial Auto coverage because Thompson was injured while performing duties for his employer, Rose Concrete.

The Fellow Employee Exclusion to Rose Concrete's Commercial Auto Coverage prevents the policy from applying to "'[b]odily injury' to any fellow 'employee' of the 'insured' arising out of and in the course of the follow 'employee's' employment or while performing duties related to the conduct of [Rose Concrete's] business.[5] United Fire Insurance argues this exclusion prohibits Thompson from recovering for his injuries under the Commercial Auto Policy because Thompson and Rockett were employed by Rose Concrete at the time of the accident and the injury occurred while they were both performing duties related to Rose Concrete's business.

Defendants argue the Policy's exclusions are not applicable because Rockett is a director. As discussed above, Rockett is not a director under the Policy.

Because Thompson and Rockett were employees at the time of the accident and the parties do not dispute that the injury occurred while both Thompson and Rockett were performing duties related to Rose Concrete's business, I find both exclusions provides a basis for United Fire

---

[4]Docket No. 70-7 at 21.

[5]Docket No. 70-7 at 22.

Insurance to exclude coverage for Thompson's injuries. As a result, I will grant summary judgment in United Fire Insurance's favor on Defendants' claims the Commercial Auto Policy provides coverage for Thompson's injuries.

### 3. Commercial Umbrella Liability

United Fire Insurance asserts the Commercial Umbrella Liability Policy ("Umbrella") is not triggered in this case because the CGL and Commercial Auto Coverage limits were each $1,000,000 and the judgment in the Underlying Case is for $850,000. Defendants counters that umbrella coverage may be applicable because it is likely that the judgment, post-judgment interest and court costs are likely to exceed $1,000,000. Thompson and Rockett present no other argument or any other reference to United Fire Insurance's liability under the umbrella policy in their summary judgment briefs. Because I have granted summary judgement in favor of United Fire Insurance on the CGL and Commercial Auto Coverage, I will grant summary judgment in favor of United Fire Insurance that it is not liable under the Commercial Umbrella Liability Policy.

### B. Rockett's Counterclaim for Breach of Duty of Care

Count II of Rockett's counterclaim against United Fire Insurance asserts that it breached the fiduciary duty it owed Rockett as its insured. United Fire Insurance asserts that is entitled to summary judgment on this claim but does not develop an argument beyond this assertion in its motion. Rockett asserts that his claim survives even if I find that he is not an insured under the policy, but does not assert any authority in support of his argument. Finally, in his Motion for Summary Judgment, Thompson argues that United Fire Insurance cannot escape its liability under the policies by asserting Rockett violated the policy's cooperation clause.

Each of the parties have failed to demonstrate that they are entitled to judgment as a matter of law on Rockett's counterclaim that United Fire Insurance breached the duty of care it owed Rockett. As a result, I will deny the motions for summary judgment without prejudice to the extent each motion seeks summary judgment on Rockett's counterclaim regarding United Fire Insurance's breach of fiduciary duty. The motions for summary judgment are denied without prejudice as to this counterclaim.

C. **Rockett's Surreply**

Rockett filed a surreply to United's Motion for Summary Judgment without requesting leave. "Additional memoranda may be filed by either party only with leave of Court." E.D.Mo. L.R. 4.01(C). I will construe Rockett's filing as a request for leave and will grant Rockett leave to file a surreply.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff United Fire Insurance's Motion for Summary Judgment [#69] is **GRANTED in part and DENIED in part**. Plaintiff's Motion is denied to the extent it seeks summary judgment of Rockett's Counterclaim that it breached its duty of care.

**IT IS FURTHER ORDERED that** Defendant Thompson's Motion for Summary Judgment [#76] is **DENIED**. Thompson's Motion is denied without prejudice as to Rockett's counterclaim that United Fire Insurance breached its duty of care.

**IT IS FURTHER ORDERED that** Defendant Rockett's Motion for Summary Judgment [#88] is **DENIED**. Rockett's Motion is denied without prejudice as to Rockett's counterclaim that United Fire Insurance breached its duty of care.

**IT IS FINALLY ORDERED that** Defendant Rockett's Motion for Leave to File Surreply [#101] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2011.