# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | No. 1:09-CV-51 JAR |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS THOMPSON, WAYNE ROCKET | ) | |
| and ROSE CONCRETE PRODUCTS, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| WAYNE ROCKETT, | ) | |
| | ) | |
| Counterclaim Plaintiff | ) | |
| Cross-claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED FIRE & CASUALTY COMPANY, | ) | |
| JAMES A. SPAIN, and | ) | |
| SPAIN, MILLER AND SPAIN, LLC, | ) | |
| | ) | |
| Counterclaim Defendant | ) | |
| Cross-claim Defendants.[1] | ) | |

## MEMORANDUM AND ORDER

This diversity matter[2] is before the Court on United Fire & Casualty Company's Motion

for Summary Judgment (ECF No. 141) and Spain, Miller and Spain, LLC and James E. Spain's

---

[1] Upon motion by Wayne Rockett ("Rockett"), the Court dismissed Kristi Grobe Booker and
Matthew B. Lee after the Spain defendants filed their Motion for Summary Judgment but prior to
the filing of their Reply Memorandum. (ECF Nos. 156, 157).
[2] As previously noted by this Court, federal court jurisdiction in this case is based upon diversity
of citizenship so Missouri state substantive law governs this dispute. See ECF No. 102, p. 7.

Motion for Summary Judgment (ECF No. 150).[3]  These motions are fully briefed and ready for disposition.

## BACKGROUND

Wayne Rockett sought defense and indemnification for claims made against him in a suit styled Thompson v. Payne, Case No. 07SO-CV00214, filed in the Circuit Court of Scott County, Missouri ("the Underlying Suit"), under a policy issued by the United Fire to its insured, Rose Concrete Products, Inc. ("the Policy").  In the Underlying Suit, Rose Concrete employee Dennis Thompson sued Wayne Rockett, Rose Concrete's general manager, claiming that Rockett was liable for Thompson's injuries because Rockett directed Thompson to drive a vehicle that Rockett knew was dangerous.  The Policy had effective dates of December 31, 2004 to December 31, 2005, and provided liability limits of $1,000,000.

United Fire agreed to defend Rockett under a reservation of rights and hired the Spain defendants to provide this defense.

On July 28, 2009, the Honorable David A. Dolan entered a default judgment in the amount of $850,000 in favor of Dennis Thompson and against Wayne Rockett (the "Underlying Judgment").

In the present action, United Fire filed a declaratory judgment action seeking a finding that Rockett was not entitled to indemnity for the Underlying Judgment.   Thompson filed a counterclaim for equitable garnishment of the insurance policy, arguing that Rockett was an insured under the policy.  Rockett filed a counterclaim asserting that he was an insured under the Policy and that United Fire must satisfy the judgment entered against him.  Rockett also claimed that United Fire breached the fiduciary duty it owed him during the Scott County proceedings.

---

[3] The Court refers collectively to Spain, Miller and Spain, LLC and James E. Spain as the "Spain defendants."

On August 30, 2011, the Court entered partial summary judgment in favor of United Fire and held that Rockett was not an insured under the CGL policy, that the Commercial Auto Policy did not provide coverage for Thompson's injuries, and that United Fire was not liable under the Commercial Umbrella Liability Policy. (ECF No. 102). The Court, however, held that neither party demonstrated entitlement to summary judgment on Rockett's counterclaim that United Fire breached the duty of care it owed Rockett. (Id., p. 14).

Rockett filed an amended counterclaim and a third-party claim on October 21, 2011. Rockett alleged counterclaims against United Fire for bad faith and breach of its fiduciary duty and a third-party claim against the Spain defendants for legal malpractice. On February 23, 2012, Rockett filed a Voluntary Petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri. Rockett's bankruptcy schedules listed the Underlying Judgment against him, including the case style and number. Brian McChesney, counsel for the judgment creditor Dennis Thompson, was identified in the Creditor's Matrix. Rockett did not list his counterclaim against United Fire or his third-party claim against the Spain defendants as assets of his personal bankruptcy estate.

On Rockett's Schedule B—Personal Property, next to the "Type of Property," "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to set off claims," Rockett marked "none." Throughout his Voluntary Petition, Rockett declared under penalty of perjury that the information he was submitting to the Bankruptcy Court was true and correct.

On May 23, 2012, Rockett was granted a discharge by the United States Bankruptcy Court for the Eastern District of Missouri. The Bankruptcy Court entered its Final Decree on June 7, 2012.

Rockett did not seek to re-open his bankruptcy estate until his expert witness, David Knieriem, was questioned on July 23, 2012, as to whether Rockett's bankruptcy discharge affected his ability to claim he was damaged in the amount of $850,000. In his August 22, 2012 deposition, Rockett stated that his attorney, John David Moore, called and informed Rockett that his bankruptcy estate may need to be re-opened. Rockett's motion to re-open his bankruptcy case was granted on August 2, 2012.

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Torgerson, 643 F.3d at 1042 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

## DISCUSSION

### I.     Statement of Facts

Under this Court's local rules, "[a] memorandum in support for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations." E.D. Mo. L.R. 4.01(E). In turn, "[t]he opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." (Id.).

Here, Rockett fails to note the paragraph numbers of any disputed facts from movant's listing of facts. Consequently, the Court deems United Fire's and the Spain defendants' facts as admitted. See Moore v. City of Desloge, 692 F. Supp. 2d 1122, 1128 (E.D. Mo. 2010) aff'd sub nom. Moore v. City of Desloge, Mo., 647 F.3d 841 (8th Cir. 2011); Fed.R.Civ.P. 56(e)(2).[4]

---

[4] At oral argument on the motions for summary judgment, counsel for Rockett generally stated that nothing in United Fire's or the Spain defendants' statements of facts is in dispute, particularly the bankruptcy proceedings.

Rockett, however, provides the affidavit of Charles W. Riske ("Riske Affidavit," ECF No. 153-1, 154-1), Successor Bankruptcy Trustee for the Bankruptcy Estate of Alvin Wayne Rockett. See Fed.R.Civ.P. 56(c)(4)("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). The Court construes the Riske Affidavit as providing Rockett's statement of material facts as to which he contends a genuine issue exists. See E.D. Mo. L.R. 4.01(E)("Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists."); E.D. Mo. L.R. 4.01(F)("A party opposing a motion for summary judgment under Fed.R.Civ.P. 56 shall file a memorandum and any appropriate documentary evidence …"). Correspondingly, the Court will consider the Riske Affidavit in opposition to the pending summary judgment motions. See Fed.R.Civ.P. 56(c)(3)("The court need consider only the cited materials, but it may consider other materials in the record.").

## II. Judicial Estoppel

Both United Fire and the Spain defendants assert that Rockett's claims are barred by judicial estoppel and because Rockett lacks standing to pursue a claim that is rightfully the possession of the bankruptcy trustee. The Court addresses those arguments together.

"Missouri has long recognized the doctrine of judicial estoppel." Monterey Dev. Corp. v. Lawyer's Title Ins. Corp., 4 F.3d 605, 609 (8th Cir. 1993). "'Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit[.]'" Stallings v. Hussmann Corp., 447 F.3d 1041, 1047 (8th Cir. 2006)(citing Monterey Dev. Corp., 4 F.3d at 609). Judicial estoppel "prevent[s] a party from playing 'fast and loose with the courts.'" Monterey Development Corp., 4 F.3d at 609 (quoting Konstantinidis v. Chen,

626 F.2d 933, 937 (D.C.Cir.1980)). The Supreme Court outlined three factors that may help a court regarding whether to exercise its discretion to apply judicial estoppel. The factors are whether: (1) "a party's later position [is] clearly inconsistent with its earlier position;" (2) "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in that later proceeding would create the perception that either the first or the second court was misled," and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." In re Knigge, 479 B.R. 500, 507 (quoting New Hampshire v. Maine, 532 U.S. 742, 750–51 (2001)(internal citations and quotations omitted). The purpose of the doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire, 532 U.S. at 749-50 (internal citations and quotation marks omitted).

A. New Hampshire v. Maine factors

1. Inconsistent Positions

Pursuant to §521 of the Bankruptcy Code, "[a] debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court." 11 U.S.C. §521(1). Rockett failed to list his pending counterclaim against United Fire and third-party claim against the Spain defendants in his Voluntary Petition for bankruptcy, which he submitted under penalty of perjury. United Fire and the Spain defendants claim that Rockett's "overt act" of submitting a claim to the Bankruptcy Court in which he failed to disclose his counterclaim and third-party claim establishes the first factor in the application of judicial estoppel. (ECF No. 143, p. 6)(citing Tyler v. Fed. Express Corp., 420 F. Supp. 2d 849, 856 (W.D. Tenn. 2005) aff'd, 206 F. App'x 500 (6th Cir. 2006)("Plaintiff's overt act of submitting a claim to the bankruptcy court

in which she failed to disclose the instant action clearly establishes the first factor in the application of judicial estoppel."); Lewis v. Weyerhaeuser Co., 141 Fed. App. 420, 424 (6th Cir. 2005). Rockett does not seem to dispute this contention but instead takes issue with the second and third New Hampshire factors as discussed below.

> 2.  Misleading the Courts and Unfair Advantage

The Court addresses the second and third New Hampshire factors together because they are related and Rockett's defenses to these factors are intertwined. "The second New Hampshire factor requires that the bankruptcy court have adopted the debtor's position." Stallings, 447 F.3d at 1048 (citing In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004). Under the final New Hampshire factor, the debtor's non-disclosure of the claim must not be inadvertent and must result in the debtor gaining an unfair advantage. Stallings, 447 F.3d at 1048 (citing Superior, 374 F.3d at 335-36).

United Fire and the Spain defendants assert that the second factor is satisfied because Rockett received a discharge from bankruptcy pursuant to 11 U.S.C. §727. (ECF No. 143, p. 7). They claim that the Bankruptcy Court adopted Rockett's position based upon this misleading and incomplete information. (ECF No. 143, p. 8). United Fire cites extensively to the dissenting opinion by Judge Ahrens for the proposition that "[i]t matters not that Appellant's bankruptcy was reopened once his omission became known. A discharge in bankruptcy is sufficient to establish a basis for judicial estoppel even if the discharge is later vacated." Loth v. Union Pac. R. Co., 354 S.W.3d 635, 645, n.1 (Mo. Ct. App. 2011)(citing Eastman v. Union Pac. R. Co., 493 F.3d 1151, 1160 (10th Cir. 2007)).

With respect to the third factor, the Eighth Circuit noted that "where a debtor files suit against a party, alleging that the party was responsible for the debtor filing bankruptcy, but failed

to refer to the claim in any of its bankruptcy petitions, the debtor is judicially estopped from subsequently asserting the pre-petition claim that was not disclosed to the bankruptcy court." Stallings, 447 F.3d at 1048; Payless Wholesale Distrib., Inc. v. Alberto Culver, Inc., 989 F.2d 570, 571 (1st Cir.1993); see also Barger v. City of Cartersville, 348 F.3d 1289 (11th Cir. 2003)). United Fire and the Spain defendants claim that Rockett gained an unfair advantage because he was discharged from bankruptcy while still retaining his claims for monetary damages from his counterclaim and his third-party claim. (ECF No. 143, p. 8). See also Copeland v. Hussmann Corp., 462 F. Supp. 2d 1012, 1020 (E.D. Mo. 2006)("Other courts have come to the opposit[e]conclusion, based largely on the idea that it would be inequitable to allow the debtor to amend his schedules after his mistake is pointed out by an adversary because it diminishes the incentive to make disclosures in bankruptcy.")

In opposition, Rockett provides the affidavit of Charles W. Riske, who was appointed as Successor Bankruptcy Trustee for the Bankruptcy Estate of Alvin Wayne Rockett. (Riske Affidavit, ¶4). Riske states that, on September 13, 2012, Rockett filed an Amended Schedule B which disclosed the following asset: "Pending lawsuit—Potential Civil Suit Eastern District of MO Case No. 1:09CV00051RWS" and states that the current value of Rockett's interest is "unknown". (Riske Affidavit, ¶8). Riske attests that Rockett's bankruptcy proceeding is open and pending. (Id., ¶6).[5] Riske states that the Bankruptcy Court has jurisdiction over any recovery obtained from Rockett's claims against the Spain defendants and United Fire. (Id., ¶11). He contends that any recovery from Rockett's claims against United Fire and the Spain defendants will be disbursed pursuant to further order of the Bankruptcy Court. (Id., ¶14). Riske

---

[5] United Fire asserts that the discharge of Rockett's Underlying Judgment is not "pending." (ECF No. 163, p. 4). Rather, United Fire claims that the Order Discharging Debtor and Final Decree are "final" even though the Bankruptcy Court granted a motion to reopen Rockett's bankruptcy case on August 2, 2012. (Id.).

states that he is unaware of any prejudice to the creditors of the bankruptcy estate of Rockett as a result of Rockett's failure to list the pending counterclaim and third-party claim in the initial schedules filed with the Bankruptcy Court. (Id., ¶13).

Although the Court recognizes opposing authority in Eastman v. Union Pac. R. Co., 493 F.3d 1151, 1160 (10th Cir. 2007), the Court declines to exercise its discretion to apply judicial estoppel. "Because the rule is intended to prevent 'improper use of judicial machinery,'..., judicial estoppel 'is an equitable doctrine invoked by a court at its discretion....'" New Hampshire, 532 U.S. at 750 (internal citations omitted); see also Capella Univ., Inc. v. Executive Risk Specialty Ins. Co., 617 F.3d 1040, 1051 (8th Cir. 2010)("Judicial estoppel is an equitable doctrine, invoked by a district court at its discretion"). The Court believes it would be inequitable to apply judicial estoppel in this instance. The Court notes that Rockett reopened his bankruptcy case and the Bankruptcy Trustee indicates that Rockett's creditors are in no different position than they would have been if Rockett had identified his counterclaim and third-party claim initially in his Voluntary Petition. Thus, the Court fails to identify a "windfall" as a result of Rockett's failure to disclose the bankruptcy. Rather, the Court notes a possible windfall to United Fire and to the Spain defendants if they would be allowed to avoid potential liability based upon Rockett's financial status. Likewise, application of judicial estoppel could possibly deprive creditors of a potential bankruptcy asset. See Taylor v. Comcast Cablevision of Arkansas, Inc., 252 F. Supp. 2d 793, 798 (E.D. Ark. 2003)("An overly strict application of judicial estoppel has been criticized as providing a windfall to the alleged wrongdoer and possibly depriving creditors, who are not parties to the nonbankruptcy action, of a potential bankruptcy asset.")(citation omitted). United Fire's and the Spain defendants' "position punishes the creditors of the nondisclosing debtor, not just the debtor. The better result is to allow the

claim to be prosecuted and [if] collected, order the funds paid toward claims filed in the case, and punish the debtor another way." In re Griner, 240 B.R. 432, 439 (Bankr. S.D. Ala. 1999); see also Skavlem v. Frankovic, CIV A2-99-56, 1999 WL 33283341, at *4 (D.N.D. Sept. 23, 1999)("If the court were to decline to hear this case, defendants, as potential tortfeasors, would gain an undeserved windfall at the expense of the bankruptcy creditors and Dennis Skavlem's heirs at law.").

Further, the Court believes that the third factor is not met because an issue of fact exists regarding whether Plaintiff's actions "indicate an intentional manipulation designed to flaunt the judicial process." Copeland, 462 F. Supp. 2d at 1020; In re Griner, 240 B.R. 432, 439 (Bankr. S.D. Ala. 1999)("Judicial estoppel requires an intent that the court accept the truth of the facts alleged coupled with the receipt of an advantage from the assertion, ... or that the debtor obtains a benefit by deliberate manipulation."). The Court believes that Rockett's motives in failing to disclose his counterclaim and his third-party claim are unclear, and are a question of fact for a jury. See Loth, 354 S.W. 3d at 642 (after finding that the trial court impermissibly made credibility determinations, the Missouri Court of Appeals noted that the "trial court could only reach its conclusions that plaintiff had a motive to conceal his claim by drawing inferences").

The Court finds that Rockett has offered an explanation for his conduct in that he relied on his attorney's advice. Rockett indicates that he did not disclose his counterclaims and his third-party claims in his original Voluntary Petition because his attorney failed to include them. Loth, 354 S.W.3d at 643; see also Copeland, 462 F. Supp. 2d at 1020 (finding that the third factor was not met because "Plaintiff is not a legally sophisticated party and relied on his attorney to explain to him how to fill out the bankruptcy schedules properly"); Taylor v. Comcast Cablevision of Ark., Inc., 252 F.Supp.2d 793, 796-97 (E.D. Ark. 2003). Again, the Court

believes it is a question of fact as to why Rockett did not include his counterclaim and his third-party claim in his Voluntary Bankruptcy Petition.

Thus, the Court finds that the second and third factors of the <u>New Hampshire</u> test firmly tip the balance of equities against barring Rockett's pending claims. Accordingly, the Court denies United Fire's and the Spain defendants' summary judgment motions on this basis.

B. Inadvertence or Good-Faith Mistake

United Fire and the Spain defendants also claim that his omission of his counterclaim and his third-party claim from his Voluntary Petition was neither inadvertent nor a good-faith mistake. United Fire and the Spain defendants claim that Rockett consciously failed to disclose his pending counterclaim and third-party claim to the Bankruptcy Trustee. (ECF No. 143, pp. 11-12). United Fire and the Spain defendants claim that the only reasonable inference is that judicial estoppel should be applied because Rockett knew of his pending lawsuit and his likely financial benefit but failed to disclose it. (<u>Id.</u> (citing <u>Loth</u>, 354 S.W.3d at 645 (Ahrens, J., dissenting)). United Fire and the Spain defendants claim that Rockett's sole remedy is a legal malpractice claim against his bankruptcy counsel, not by pursuing the claims that are judicially estopped.

"A debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." <u>Stallings</u>, 447 F.3d at 1048 (quoting <u>In re Coastal Plains, Inc.</u>, 179 F.3d 197, 210 (5th Cir. 1999)). As in <u>Loth</u>, the Court finds that a credibility issue precludes finding that judicial estoppel applies. <u>Loth</u>, 354 S.W.3d at 642. The Court cannot find as a matter of law that Rockett's omission was "plainly the product of a deliberate, considered decision." <u>Id.</u> Further, to the extent that Rockett may have had a motive for concealing his counterclaims and his third-

party claims, such motive is no longer apparent because he voluntarily reopened his bankruptcy case and self-disclosed his pending claims. See Stallings, 447 F.3d at 1049 ("[a]lthough it may generally be reasonable to assume that a debtor who fails to disclose a substantial asset in bankruptcy proceedings gains an advantage, the specific facts of a case may weigh against such in inference."). Accordingly, the Court denies United Fire's and the Spain defendants' motions for summary judgment with respect to their judicial estoppel argument.

### III. Standing

As this Court has previously noted, "[t]he trustee in a case under Chapter 7 is the sole representative of the estate." 11 U.S.C. § 323(a); Vreugdenhil v. Hoekstra, 773 F.2d 213, 215 (8th Cir.1985); Harris v. St. Louis Univ., 114 B.R. 647, 648 (E.D. Mo. 1990). It is the trustee of the estate who "has the capacity to sue and be sued." 11 U.S.C. § 323(b); Harris, 114 B.R. at 648. "[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." Cain v. Hyatt, 101 B.R. 440, 442 (E.D.Pa.1989) (citing Bauer v. Commerce Union Bank, 859 F.2d 438 (6th Cir.1988); Jones v. Harrell, 858 F.2d 667 (11th Cir.1988); In re Tvorik, 83 B.R. 450, 456 (Bkrptcy.W.D.Mich.1988)); Harris, 114 B.R. at 648.

United Fire and the Spain defendants contend that Rockett lacks standing to assert his counterclaim and third-party claim in this lawsuit. (ECF No. 143, p. 13). They maintain that the Bankruptcy Trustee has the exclusive capacity to assert standing once Rockett filed his Voluntary Petition. (Id.).

In response, Rockett acknowledges that the Bankruptcy Trustee is in control of this litigation. (ECF No. 153, p. 22). Rockett states that he will substitute or add the Trustee as a party, if the Court requires him to do so. (Id.).

Pursuant to Fed.R.Civ.P. 17(a)(3), the Court grants Rockett leave to substitute or add the Bankruptcy Trustee as a party. Consequently, United Fire's and the Spain defendants' motions for summary judgment with respect to standing are denied on this basis.

**IV.    United Fire's Bad Faith Breach of Fiduciary Duty Claim**

United Fire states that it owes Rockett three recognized fiduciary duties: (1) duty to defend, (2) duty to indemnify, and (3) duty to settle. In his response, Rockett clarifies his bad faith and breach of fiduciary duty claim attempts to allege a cause of action for breach of the duty to defend. (ECF No. 153, p. 23). United Fire contends that Rockett cannot allege a breach of the duty to defend because United Fire agreed to defend him under a reservation of rights and hired attorney Jim Spain and the law firm of Spain, Miller & Spain, LLC to defend him. (ECF No. 143, p. 22). United Fire notes that, under Missouri law, "[i]f the complaint … alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend." McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co., 989 S.W.2d 168, 170-71 (Mo. 1999). United Fire asserts that it satisfied this duty by providing Rockett with an attorney under a reservation of rights. (ECF No. 163, p. 11).

In his response, Rockett claims that United Fire breached its duty to defend because it acted unreasonably and in bad faith. (ECF No. 153, p. 23). Rockett's expert claims that United Fire should not have hired Jim Spain because of his conflict of interest; specifically, Mr. Spain had been representing the insurance company on this matter prior to representing Rockett. (Id.). In addition, Rockett's expert opines that United Fire did not satisfy its duty of diligence because

it failed to find Rockett and communicate with him.  (Id.).  Rockett's expert claims that United Fire merely sent letters to a location where it knew Rockett did not live, which was insufficient to satisfy its duty.

The crux of the argument before the Court is whether United Fire can satisfy its duty to defend simply by hiring counsel, even if it hires counsel that allegedly has a conflict and/or counsel that does not satisfy its duty of due diligence.  "Missouri law is clear that 'an insurer, who is entrusted to defend a claim on behalf of the insured, acts in a fiduciary capacity.'"  Pool v. Farm Bureau Town & Country Ins. Co. of Missouri, 311 S.W.3d 895, 907 (Mo. Ct. App. 2010)(citing Grewell v. State Farm Mut. Auto. Ins. Co., 162 S.W.3d 503, 508 (Mo. Ct. App. 2005)).  "In the situation where a third party is suing an insurer's policy holder, it is the insurance company's control over the claim that creates a fiduciary relationship between insurer and insured."  Pool, 311 S.W.3d at 907; see also Grewell v. State Farm Mut. Auto. Ins. Co., Inc., 102 S.W.3d 33, 36 (Mo. 2003)("The insurer/insured relationship, while admittedly and distinctly different, can be analogized to the relationship established between attorney and client.").  The Court, however, believes that United Fire's hiring of purportedly ineffective counsel or counsel with a conflict cannot satisfy the duty to defend as a matter of law.  See Pool, 311 S.W.3d at 907; see also St. Joseph Transfer & Storage Co. v. Employers' Indem. Corp., 23 S.W.2d 215, 219 (1930)(noting case law whereby an insurance company may be held liable for its negligence in defending the action).  The Court finds that issues of material fact exist that preclude summary judgment in this case.  Accordingly, the Court denies summary judgment on this basis.

**V.      United Fire's Damages Argument**

In his Second Amended Counterclaim, Rockett alleges non-economic damages in the form of "an extreme amount of emotional distress and will likely incur additional damages in the future both financially and emotionally." (ECF No. 110).

United Fire argues that it is entitled to judgment as a matter of law with respect to Rockett's non-economic damages. Specifically, United Fire contends that Rockett is unable to establish "(1) unreasonable conduct on the part of United Fire, (2) that any conduct by United Fire caused Rockett's emotional distress, or (3) that Rockett's emotional distress is medically diagnosable, nor medically significant." (ECF No. 143, p. 16).[6]

First, United Fire asserts that Rockett's financial problems and the resulting emotional issues predated the Underlying Judgment. (ECF No. 143, pp. 17-20). United Fire notes that Rockett admitted in his deposition that, in addition to the underlying judgment, he owed debt in the amount of $117,327, not including money owed to the IRS. United Fire asserts that the Rockett's excessive debt, in addition to the Underlying Judgment, caused his bankruptcy filing. (ECF No. 163, p. 12-13).

In addition, United Fire claims that it is entitled to summary judgment with respect to Rockett's non-economic damages in the form of "an extreme amount of emotional distress," as alleged in Rockett's Second Amended Counterclaim. (ECF No. 163, p. 13 (citing ECF No. 110, ¶15(d)). United Fire urges that Rockett admitted that he had been prescribed medication for symptoms of emotional distress prior to the Underlying Judgment. (ECF No. 143, pp. 16-17;

---

[6] At oral argument on the motions for summary judgment on April 22, 2013, counsel for Rockett explained that he is asserting only a claim for "garden variety" emotional distress damages, "that is[,] emotional distress of a generic kind that an ordinary person would feel in such circumstances[.]" Williams v. Trans States Airlines, Inc., 281 S.W.3d 854, 877 (Mo. Ct. App. 2009). Rockett contends that he is not seeking damages for any mental injury that is "medically diagnosable and … of sufficient severity so as to be medically significant." Biersmith v. Curry Ass'n Mgmt. Inc., 359 S.W. 3d 442, 448 (Mo. banc 2008).

ECF No. 163, p. 13).   United Fire contends that Rockett failed to allege any additional or increased emotional distress than he had experienced during his adult life.  (ECF No. 163, p. 13). United Fire claims that Rockett cannot allege damages when he has experienced these same issues for many years prior to the entry of the Underlying Judgment.   (ECF No. 163, p. 14). United Fire emphasizes that Rockett had not endured any collection attempts for the Underlying Judgment, and United Fire infers that the absence of such collections cannot be the cause of emotional distress that rises to the level of damages.  (ECF No. 163, p. 13).  United Fire claims that distress damages cannot be awarded when there has been "complete inaction" against him. (Id., p. 14).

Finally, United Fire maintains that it cannot be liable for damages to Rockett because it did not breach any fiduciary duty it owed him.  (ECF No. 163, p. 13).[7]  Moreover, United Fire claims that, even if it did breach a fiduciary duty to Rockett, he cannot establish any damages as a result of that breach.  (Id.).  United Fire notes that Rockett has discharged in bankruptcy any and all damages resulting from the Underlying Judgment, and Rockett cannot establish any other form of economic or non-economic damage.  (ECF No. 163, pp. 13-14).

In response, Rockett contends that he is entitled to non-economic damages for having a verdict entered against him due to United Fire's bad faith failure to defend by the insurance company.  (ECF No. 153, pp. 25-26).  Rockett relies particularly on Shobe v. Kelly, 279 S.W.3d 203 (Mo. Ct. App. 2009).

The Court first notes that Shobe v. Kelly involved a bad faith failure to settle claim.  In that case, the insurer refused to defend the insured, even under a reservation of rights, and refused to settle the claim for the policy limits.  Id., 279 S.W.3d at 210.  The Shobe court found

---

[7] The Court addressed this argument in the prior section.

that "[e]xamples of bad faith include: failing to fully investigate a third-party claimant's injuries or recognize their severity, ignoring that a verdict could exceed policy limits, refusing to consider a settlement offer, and not keeping an insured informed of settlement offers or the risks of an excess judgment." Id., 279 S.W.3d at 211. None of those factors are present here.

Nevertheless, the Court finds sufficient evidence of non-economic damages. Rockett asserts only garden variety emotional distress damages. Thus, the absence of any medical testimony is not dispositive of his emotional distress claim. State ex rel. Dean v. Cunningham, 182 S.W.3d 561, 568 (Mo. 2006)("courts have held … that for intentional torts no medical testimony is needed to show mental or emotional distress"); Williams, 281 S.W.3d at 877 ("evidence of [Rockett's] medically or psychologically diagnosable mental or physical condition is irrelevant to the question of whether []he suffered 'garden variety' emotional distress as a result of the incidents" pleaded in his counterclaim and third-party complaint). The Court also finds that the trier of fact will have to determine whether United Fire's purported breach of the duty to defend caused or contributed to Rockett's garden variety mental emotional distress. Likewise, the Court also believes it is an issue of fact for the jury to determine whether his bankruptcy filing was a result of the Underlying Judgment or Rockett's other, significant debt. The Court cannot determine as a matter of law that Rockett would have filed for bankruptcy in the absence of Underlying Judgment; that issue is a question for the jury to determine. Therefore, the Court denies United Fire's Motion for Summary Judgment on Rockett's damages claim.

## VI. Spain Defendants' Damages Argument

The elements of a legal malpractice claim in Missouri are: (1) the existence of an attorney-client relationship; (2) negligence or a breach of contract by the attorney; (3) proximate

causation of the plaintiff's damages; and (4) damages to the plaintiff.  <u>Kuehne v. Hogan</u>, 321 S.W.3d 337, 341 (Mo. Ct. App. 2010)(citing <u>Fox v. White</u>, 215 S.W.3d 257, 260 (Mo. Ct. App. 2007)).  "Therefore, the plaintiff must allege facts demonstrating 'a causal connection between his or her attorney's negligence and the resulting injury.'" <u>Kuehne</u>, 321 S.W.3d at 341(citing <u>Collins v. Mo. Bar Plan</u>, 157 S.W.3d 726, 732 (Mo. Ct. App. 2005)).  In the context of a malpractice action, the plaintiff must establish causation by alleging that, "'but for the attorney's negligence, the result of the underlying proceeding would have been different.' " <u>Collins</u>, 157 S.W.3d at 732 (quoting <u>Rodgers v. Czamanske</u>, 862 S.W.2d 453, 458 (Mo. Ct. App. 1993)); <u>Bross v. Denny</u>, 791 S.W.2d 416, 421 (Mo. Ct. App. 1990)("A legal malpractice claim requires that the plaintiff plead and prove that the underlying claim would have been successful except for the negligence of the attorney defendant, thereby proving damages and causation.").

The Spain defendants argue that the evidence indicates that Rockett has not suffered and will not suffer any pecuniary loss as a result of the alleged malpractice.  (ECF No. 162, p. 7).  By means of illustration, the Spain defendants urge that if Rockett fails to recover against the Spain defendants and United Fire, then the judgment against him will be discharged.  (<u>Id.</u>, pp. 7-8).  Conversely, they argue that if Rockett recovers against the Spain defendants and United Fire, then he will receive a windfall, especially if he recovers emotional damages or "intangible" non-economic damages.  (<u>Id.</u>, p. 8).  The Spain defendants further assert that Rockett had in excess of $110,000 debt prior to the Underlying Judgment and that this prior debt—not the Underlying Judgment—caused Rockett to file for bankruptcy.  Finally, the Spain defendants contend that Rockett has not alleged any emotional damages attributable to their actions (or inactions), nor has he proven that those damages were both foreseeable and medically diagnosable.  (ECF No. 162, pp. 8-9).  That is, the Spain defendants assert that Rockett has not offered any evidence to

support a claim that the Underlying Judgment caused him to suffer medically diagnosable emotional distress.  (ECF No. 162, p. 9).[8]

Rockett asserts that he can establish damages based upon the Spain defendants' legal malpractice.  Rockett contends that he has suffered damages in the amount of the verdict against him, which has not been discharged.   (ECF No. 154, pp. 21-22).   Rockett notes that "'the measure of damages is ordinarily the amount that the client would have received [or would not have had to pay] but for his attorney's negligence.'"  Carbis Sales, Inc. v. Eisenberg, 397 N.J. Super. 64, 85, 935 A.2d 1236, 1248 (N.J. Super. Ct. App. Div. 2007)(citing Gautam v. DeLuca, 215 N.J.Super. 388, 397, 521 A.2d 1343 (N.J. Super. Ct. App. Div. 2007); ECF No. 154, p. 22. Rocket contends that if the Spain defendants had not been negligent then there would have been a defense verdict in the Underlying Case.  (ECF No. 154, p. 22).  Rockett maintains that Mr. Spain also gave the opinion that there would have been a defense verdict had Rockett litigated the claims.  (Id.).  Rockett argues that, in order to put him in the same position he would be absent the Spain defendants' negligence, he is entitled to the full amount of the verdict against him in addition to the attorneys' fees he is required to pay in the present action.  (ECF No. 154, p. 22).

The Court finds that Rockett has alleged cognizable damages in that he has an adverse judgment against him.  The existence of the Underlying Judgment against Rocket in and of itself constitutes an injury, regardless of whether it is ultimately collectable.  Although the Spain defendants assert that the Court's ruling will result in a windfall for Rockett, the Court believes that if it held otherwise, then the Spain defendants would not be held accountable for their

---

[8] The Court addressed whether Rockett's damages need to be "medically diagnosable" in the prior section.

alleged malpractice. Accordingly, the Court denies the Spain defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that United Fire & Casualty Company's Motion for Summary Judgment [141] and Spain, Miller and Spain, LLC and James E. Spain's Motion for Summary Judgment [150] are **DENIED**.

Dated this 26th day of April, 2013.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**